NOT DESIGNATED FOR PUBLICATION

Nos. 113,438
113,439
113,500

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

HAROLD L. LEWIS,
*Appellant*.


MEMORANDUM OPINION

Appeal from Sedgwick District Court; WILLIAM SIOUX WOOLLEY, judge. Opinion filed April 15, 2016. Reversed and remanded with directions.

*Adam D. Stolte*, of Kansas Appellate Defender Office, for appellant.

*Julie A. Koon*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before ATCHESON, P.J., BRUNS, J., and WALKER, S.J.

*Per Curiam*: Harold L. Lewis appeals from district court orders summarily denying his motions to correct illegal sentences in three separate criminal cases, which this court consolidated for appeal. Under the circumstances presented, we find that it is necessary to remand this case so that the district court can review the appropriate documents to ensure that Lewis was indeed convicted in 1978 of burglary of a habitation under Texas law. Thus, we reverse the summary denial and remand this matter to the district court for further proceedings consistent with this opinion.

1

On April 24, 2006, Lewis pled guilty in case number 05-CR-3213 to one count of possession of cocaine, a severity level four drug felony. Lewis committed this crime on August 16, 2005. During the same plea hearing, Lewis pled no contest in case number 06-CR-247 to one count of forgery, a severity level eight nonperson felony. Lewis committed this crime on January 23, 2006.

Presentence investigation (PSI) reports prepared before sentencing in each case indicated that Lewis had a criminal history score of B. The reports stated that Lewis had a 1978 Texas conviction for "Burglary of a Habitation" and a 1978 Texas conviction for attempted murder, both of which were scored as person felonies. The PSI reports also included a 1990 Kansas conviction for burglary of a motor vehicle, which was scored as a nonperson felony. Lewis filed an objection to his criminal history, alleging that he was not convicted of attempted murder or "burglary of a residence" in Texas.

The district court granted the State a 45-day continuance so that it could obtain court documents from Texas regarding Lewis' prior convictions. At his sentencing hearing, however, the State informed the district court that it was unable to obtain journal entries from Texas. Nonetheless, Lewis voluntarily withdrew his objection. The district court then granted Lewis downward dispositional departure sentences in both cases and imposed two consecutive 18-month terms of probation with underlying 34-month and 19-month prison sentences. Nearly 1 year later, the district court revoked Lewis' probation in both cases and imposed the underlying prison sentences.

On May 10, 2007, Lewis evidently entered a plea in case number 07-CR-428 to aggravated battery, criminal possession of a firearm, and aggravated escape from custody. He committed these crimes on January 27, 2007, and February 2, 2007. When asked during sentencing, Lewis' attorney stated that there was no objection to Lewis'

criminal history score, and the district court sentenced him to serve 144 months in prison for the aggravated battery count; 7 months in prison for the criminal possession of a firearm count; and 7 months in prison for the aggravated escape from custody count. The district court ordered the sentence for criminal possession of a firearm to run concurrent to the sentence for aggravated battery but ordered the sentence for aggravated escape from custody to run consecutive to the sentence for aggravated battery, resulting in a total sentence of 151 months. Lastly, the district court ordered the total sentence to run consecutive to Lewis' prior sentences.

Although Lewis did not file direct appeals in any of the three cases, he filed a motion to correct illegal sentence in each case on December 24, 2014. In these motions, Lewis argued that his prior Texas convictions for attempted murder and burglary of a habitation should have been classified as nonperson offenses. The district court summarily denied the motions on January 12, 2015. Lewis subsequently appealed in all three cases, and this court entered an order of consolidation on April 8, 2015.

ANALYSIS

On appeal, Lewis contends that the district court erred by scoring his 1978 Texas conviction for burglary of a habitation as a person felony. Whether a prior conviction was properly classified as a person offense is a question of law over which this court exercises unlimited review. *State v. Dickey*, 301 Kan. 1018, 1034, 350 P.3d 1054 (2015). Interpretation of a statute is a question of law subject to de novo review. *State v. Keel*, 302 Kan. 560, 571, 357 P.3d 251 (2015), *cert. denied* 136 S. Ct. 865 (2016).

At the outset, we note that Lewis' appeal was docketed before H.B. 2053 (L. 2015, ch. 5, secs. 1-5) became effective on April 2, 2015, before *Dickey* was decided, and before *State v. Murdock*, 299 Kan. 312, 323 P.3d 846 (2014), was overruled in *Keel*. Because *Murdock* is no longer good law, we do not need to determine whether it

3

retroactively applies to Lewis' case. See *State v. Montgomery*, 295 Kan. 837, 840, 286 P.3d 866 (2012); *State v. Stevens*, No. 112,649, 2015 WL 9591357, at *5 (Kan. App. 2015) (unpublished opinion) (Atcheson, J., concurring). In addition, the Kansas Supreme Court recognized in *Keel* that "classifying a prior conviction or juvenile adjudication based on the classification in effect for the comparable offense when the current crime was committed complies with the Ex Post Facto Clause of the United States Constitution." 302 Kan. at 589 (citing *Nichols v. United States*, 511 U.S. 738, 747, 114 S. Ct. 1921, 128 L. Ed. 2d 745 [1994]). Accordingly, Lewis' concerns over retroactive application of H.B. 2053 are no longer valid.

Although the State contends that Lewis cannot seek relief under *Dickey* because he is challenging his criminal history score in a collateral attack, this court has held that a claim under *Dickey* may be brought in a motion to correct an illegal sentence at any time. Specifically, in *State v. Martin*, 52 Kan. App. 2d ___, Syl. ¶ 8, ___ P.3d ___ (No. 113,189, filed March 4, 2016), the court held that a constitutional violation under *Dickey* may be brought in a motion to correct illegal sentence even when the time for direct appeal has passed and the defendant's sentence is final. We find *Martin* persuasive.

In a similar vein, the State argues that Lewis cannot challenge his criminal history score because he previously raised and then abandoned the issue before the district court. A review of the record on appeal, however, reveals that Lewis previously challenged the existence of the 1978 conviction for burglary of a habitation—not its classification. As our Supreme Court has made clear, a defendant may use a motion to correct illegal sentence to "challenge for the first time on appeal the classification of his or her prior convictions and/or the resulting criminal history score used to sentence him or her under the Kansas Sentencing Guidelines Act." *Dickey*, 301 Kan. 1018, Syl. ¶ 3. As such, Lewis' claim is properly before this court.

Turning to the merits of the issue presented, we must determine whether the 1978 Texas conviction for burglary of a habitation is comparable to the Kansas burglary statute in effect when Lewis committed the current crimes. The essential question is whether the offenses are similar in nature and cover similar conduct. *State v. Barajas*, 43 Kan. App. 2d 639, 643, 230 P.3d 784 (2010). The statutes need not be identical. *State v. Williams*, 299 Kan. 870, 875, 326 P.3d 1070 (2014); *State v. Vandervort*, 276 Kan. 164, 179, 72 P.3d 925 (2003).

At the time Lewis committed his current crimes, burglary was defined in Kansas as follows:

"Burglary is knowingly and without authority entering into or remaining within any:

(a) Building, manufactured home, mobile home, tent or other structure which is a dwelling, with intent to commit a felony, theft or sexual battery therein;

(b) building, manufactured home, mobile home, tent or other structure which is not a dwelling, with intent to commit a felony, theft or sexual battery therein; or

(c) motor vehicle, aircraft, watercraft, railroad car or other means of conveyance of persons or property, with intent to commit a felony, theft or sexual battery therein.

"Burglary as described in subsection (a) is a severity level 7, person felony." K.S.A. 21-3715.

The Kansas Supreme Court has observed that this statute

"classifies subsection (a) burglaries, *i.e.*, dwelling burglaries, as person felonies, whereas burglaries under subsections (b) and (c), *i.e.*, nondwelling burglaries, are classified as nonperson felonies. Quite simply, '[i]f the building is a dwelling, the crime is classified as

5

a person felony; if not, it is a nonperson felony.' [Citation omitted.]" *State v. O'Connor*, 299 Kan. 819, 823, 326 P.3d 1064 (2014).

The Texas burglary of a habitation statute under which Lewis was convicted in 1978, provided in relevant part as follows:

"(a) A person commits an offense if, without the effective consent of the owner, he:

(1) enters a habitation, or a building (or any portion of a building) not then open to the public, with intent to commit a felony or theft; or

(2) remains concealed, with intent to commit a felony or theft, in a building or habitation; or

(3) enters a building or habitation and commits or attempts to commit a felony or theft.

. . . .

"(c) Except as provided in Subsection (d) of this section, an offense under this section is a felony of the second degree.

"(d) An offense under this section is a felony of the first degree if:

(1) the premises are a habitation; or

(2) any party to the offense is armed with explosives or a deadly weapon; or

(3) any party to the offense injures or attempts to injure anyone in effecting entry or while in the building or in immediate flight from the building." Tex. Penal Code Ann. § 30.02 (West 1974).

6

In 1978, Texas defined the word "habitation" to mean "a structure or vehicle that is adapted for the overnight accommodation of persons" and "building" to mean "any enclosed structure intended for use or occupation as a habitation or for some purpose of trade, manufacture, ornament, or use." Tex. Penal Code Ann. § 30.01(1), (2) (West 1974).

Moreover, at the time Lewis committed the current crimes, the Kansas Sentencing Guidelines Act (KSGA) explained how prior burglary convictions were to be scored:

"(d) Prior burglary adult convictions and juvenile adjudications will be scored for criminal history purposes as follows:

(1) As a prior person felony if the prior conviction or adjudication was classified as a burglary as described in subsection (a) of K.S.A. 21-3715 and amendments thereto.

(2) As a prior nonperson felony if the prior conviction or adjudication was classified as a burglary as described in subsection (b) or (c) of K.S.A. 21-3715 and amendments thereto.

"The facts required to classify prior burglary adult convictions and juvenile adjudications must be established by the state by a preponderance of the evidence." K.S.A. 21-4711(d).

The KSGA also explained that courts were to score out-of-state convictions as follows:

"Out-of-state convictions and juvenile adjudications will be used in classifying the offender's criminal history. An out-of-state crime will be classified as either a felony or a misdemeanor according to the convicting jurisdiction. If a crime is a felony in another state, it will be counted as a felony in Kansas. The state of Kansas shall classify the crime as person or nonperson. In designating a crime as person or nonperson comparable offenses shall be referred to. If the state of Kansas does not have a

7

comparable offense, the out-of-state conviction shall be classified as a nonperson crime."
K.S.A. 21-4711(e).

Our Supreme Court recently clarified that "regardless of when a prior out-of-state conviction or juvenile adjudication took place (*i.e.,* before or after July 1, 1993), the out-of-state conviction or adjudication is classified to match the comparable *post-KSGA* criminal statute." *Keel*, 302 Kan. at 581.

Lewis argues that the district court's classification of his 1978 Texas burglary of a habitation conviction as a person felony violates his constitutional rights under *Descamps v. United States*, 570 U.S.___, 133 S. Ct. 2276, 186 L. Ed. 2d 438 (2013), and *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000). Under *Apprendi*, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490. More recently, our Supreme Court explained in *Dickey* that

> "[t]he constitutional protections described in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), are implicated when a district court, for purposes of enhancing a defendant's sentence for a current conviction, makes findings of fact at sentencing that go beyond merely finding the existence of a prior conviction or the statutory elements that made up the prior conviction." 301 Kan. 1018, Syl. ¶ 7.

In *Descamps*, the United States Supreme Court identified two approaches a sentencing court may use to analyze prior convictions without violating *Apprendi*. The two approaches are the *categorical* approach—which is appropriate when a defendant was convicted of a crime with a "single, indivisible set of elements"—and the *modified categorical* approach—which is appropriate when a defendant was convicted under a divisible statute that sets out one or more elements of the offense in the alternative. 133 S.

8

Ct. at 2281-82. These approaches were adopted by the Kansas Supreme Court in *Dickey*, 301 Kan. at 1036-40.

Under the categorical approach, a sentencing court compares "the elements of the statute forming the basis of the defendant's conviction with the elements of the 'generic' crime." *Descamps*, 133 S. Ct. at 2281; *Dickey*, 301 Kan. at 1037. The prior conviction may be counted as a predicate offense if the elements of the prior conviction are the same as, or narrower than, the elements of the corresponding crime. However, the modified categorical approach should be applied when a sentencing court is unable to determine whether a defendant's prior conviction is a predicate offense by simple examination of the statute's elements. *Dickey*, 301 Kan. at 1037. Under this modified test, a sentencing court determines which of a statute's alternative elements formed the basis for a prior conviction by looking to "charging documents, plea agreements, jury instructions, verdict forms, and transcripts from plea colloquies as well as findings of fact and conclusions of law from a bench trial." 301 Kan. at 1038.

The State agrees—assuming this court finds that the issue is properly before this court—that it would be appropriate to remand to the district court to determine the issue of whether Lewis' 1978 Texas conviction for burglary of a habitation would fit within Kansas' definition of burglary of a dwelling at the time he was convicted of his under current crimes. We note that *State v. Mullens*, 51 Kan. App. 2d 1114, 1117, 360 P.3d 1107 (2015), found Texas' definition of "habitation" in 2003 (which is the same definition used in 1978) "clearly fits within the Kansas definition of 'dwelling.'" Compare K.S.A. 21-3110(7) ("'Dwelling' means a building or portion thereof, a tent, a vehicle or other enclosed space which is used or intended for use as a human habitation, home or residence.") with Tex. Penal Code Ann. § 30.01(1) (West 1974) ("'Habitation' means a structure or vehicle that is adapted for the overnight accommodation of persons . . . ."). Although we agree that the Texas definition of habitation fits within the Kansas definition of dwelling, we conclude that it is appropriate for the district court to

determine—by looking at documents from the 1978 Texas case—whether the prior conviction actually involved a burglary of a habitation as the PSI indicates. After doing so, the district court can determine whether the 1978 Texas burglary conviction is comparable to Kansas' burglary statute in effect at the time Lewis committed the current crimes.

Reversed and remanded with directions.